IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA      )
                              )
          v.                  )      CRIMINAL ACTION NO.
                              )        2:12cr59-MHT
ANTOINETTE DJONRET            )          (WO)


OPINION AND ORDER

This cause is before the court on defendant
Antoinette Djonret's motion to continue. For the reasons
set forth below, the court finds that jury selection and
trial, now set for July 30, 2012, should be continued
pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the
sound discretion of the trial judge, United States v.
Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court
is limited by the requirements of the Speedy Trial Act,
18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not
> guilty is entered, the trial of a
> defendant charged in an information or
> indictment with the commission of an
> offense shall commence within seventy

> days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Id. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id. § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," id. § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id. § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

interests of the public and Djonret in a speedy trial. Djonret claims that her counsel is actively involved in complex and voluminous discovery in this case and in a separate multi-defendant case charging Djonret, <u>United States v. King</u>, Civ. No. 2:12cr57. Djonret's counsel also states that she is simultaneously preparing for other criminal trials set for this summer, including a capital murder trial in state court. Djonret further represents that the government does not object to her request for a continuance.

\*\*\*

Accordingly, for the above reasons, it is ORDERED that:

(1) Defendant Antoinette Djonret's motion for continuance (Doc. No. 43) is granted.

(2) The jury selection and trial for Djonret, now set for July 30, 2012, are reset for September 17, 2012, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr.

United States Courthouse Complex, One Church Street, Montgomery, Alabama. **There will not be another continuance.**

DONE, this the 5th day of July, 2012.

        /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**